WIDDICOMBE, *Appellant*, v. MERCER.

**The** evidence in this case, an action of ejectment, fails to sustain the defenses set up in the answer that the defendant's grantor entered the land in controversy, and that plaintiff, who had a patent from the government, obtained it with knowledge that defendant had an equitable right to the land. *Held*, therefore, that the judgment below, which was for the defendant, must be reversed.

*Appeal from Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

*Draffen & Williams* for appellant.

*Philips & Vest* for respondent.

HENRY, J.—This is an action of ejectment for the west half of lot 1, section 6, township 45, range 23 in Pettis county, Missouri. The petition is in the usual form, and the answer is a general denial, and also sets up an equitable defense, alleging that one Cropper entered the land at the land office at Clinton, Missouri, in January, 1854, paid the purchase money and received a certificate to that effect from the receiver; that Cropper sold and conveyed the land to defendant, by deed, date April —, 1857, and that he has been in the actual, open and adverse possession of the land ever since, and made valuable permanent improvements thereon, and that plaintiff had notice of said pos-

session, improvements and claim of title, when he entered the land.

The evidence for plaintiff was a patent for the land from the United States, dated September 1st, 1859, and proof of the monthly value of the rents.

The evidence for defendant was a map certified in 1858 to be a correct copy from the books at the land office at Warsaw, and recorded in the recorder's office of Pettis county several years prior to plaintiff's entry, showing that the land in question was marked thereon as sold to Cropper. He then introduced a receipt from J. D. Crawford, recorder of Pettis county, dated April 3d, 1874, for a patent from the United States to Levin Cropper for the land in question filed for record. The evidence shows, however, that this patent was not the original, but an exemplification. It does not appear to whom the receipt was given, but it may be assumed that it was to the defendant. A deed from Levin Cropper and wife to defendant, conveying the land in question, dated March 3rd, 1857, was then read. Defendant then introduced, for what purpose is not obvious, a certificate from the commissioner of the general land office that "the annexed is a true and literal exemplification of duplicate receipt No. 37,279, in name of Levin Cropper, for east half of lot 1 of northeast quarter of section 6, township 45, range 23." The receipt does not appear in defendant's evidence, but in plaintiff's evidence in rebuttal it was produced, and will be hereafter adverted to. The exemplification of defendant's patent was filed for record, as we have seen, April 3rd, 1874. There was after that date a correspondence between defendant and the commissioner of the general land office, and in a letter from the latter to defendant dated July 29th, 1874, less than three months after the exemplification was filed for record in Pettis county, he says: "Referring to my letter of the 19th ult., and yours of the 6th inst., I have to state that

the southeast quarter of northeast quarter of section 6, 45, 23, Missouri, is called for in Levin Cropper's cash certificate 37,279, Clinton series, as stated in my said letter, and patent was issued in accordance with the certificate. It appears upon further examination that the receipt at first called for the southwest quarter of the northeast quarter, but a line was drawn through the latter description and the receipt made to agree with the certificate. The duplicate receipt filed with the papers, calls for the southwest quarter of the northeast quarter as stated." He concludes as follows: "The said southwest quarter of the northeast quarter having been patented to A. C. Widdicombe, your claim to said tract by virtue of Cropper's entry is a matter not within the province of this office.

Respectfully,

S. S. BURDETT, Commissioner."

Cropper's deposition was read, and he testified that he entered the land in controversy in 1854, and never entered, or applied to enter the east half of lot 1. Plaintiff's evidence in rebuttal was a certified copy of the certificate of the register of the land office at Clinton, Missouri, dated January 17, 1854, and signed by A. C. Marvin, register, certifying that Levin Cropper, of Pettis county, Missouri, had that day purchased of the register the lot or east half of lot 1 of the northeast quarter of section 6, township 45, range 23, at the price of $50. Also a certified copy of receipt of N. B. Holden, receiver of the land office, to Levin Cropper, for $50 in full for east half of lot 1 aforesaid, dated January 17, 1854, and a duplicate of the same except in the description of the land, which in the latter is "west half" instead of "east half." The certificate and receipt and duplicate are numbered 37,279. Exemplifications from the patent records, as certified by the commissioner of the general land office to the Boonville land office, to which all of the business of the Clinton and Warsaw land offices was transferred, showed that the land patented to

Cropper was the east half of lot 1. On the tract book it is shown that the east half of lot 1 of the northeast quarter of section 6, township 45, range 23, was entered by Levin Cropper, January 17th, 1854, and the west half by plaintiff, January 2nd, 1869. A certified copy of the monthly report made by the register and receiver of the land office at Clinton, to the general land office, of lands sold at the Clinton office from January 1st to January 31st, 1854, inclusive, shows that the east half of lot 1, of the northeast quarter, was, on January 17th, 1854, sold to Levin Cropper. The tract books at the general land office are made from monthly reports from the local offices. To recapitulate, there was at the general land office no record showing that Cropper ever purchased the land in dispute; none at the Boonville office showing that he had purchased it; on the contrary the record, both of the general land office, and of the office at Boonville, showed that it was vacant when plaintiff made his entry. The original patent to Cropper, nor the exemplification issued in 1874 to the defendant, was produced in evidence, but the copy from the records of the recorder's office of Pettis county purported to convey to Cropper the west half of said lot 1. This copy was introduced by plaintiff, who then read in evidence an exemplification of the patent issued to defendant, which conveyed the east half to Cropper.

That there was an error committed in transcribing the exemplification of the patent by the recorder of Pettis county is manifest. There was no record at Washington to authorize a patent to be issued to Cropper, for the west half of lot 1. The letter of the commissioner of the general land office to defendant, of the 29th day of July, 1874, explicitly states that " the southeast quarter of northeast quarter of section 6, 45, 23, Missouri, is called for in Levin Cropper's cash certificate, 37,279, Clinton series, and patent was issued in accordance with the certificate." It is evident from the correspondence that the patent was not satisfactory to defendant. If it was for the land in controversy, as it an-

tedated plaintiff's patent several years, the original having been issued the 1st day of May, 1857, he had no occasion to express any uneasiness about it. It is a fair and legitimate inference from the letter of the commissioner to defendant, introduced in evidence by the defendant, that the latter knew that his exemplification of the patent called for the east half of lot 1, and not the west half. On the above facts there can be no question that plaintiff has the legal title to the land sued for. The parol evidence adduced, even if admissible, is not sufficient to overcome the record evidence that the tract purchased and paid for by Cropper was the east half of lot 1. This case is, in many respects, similar to that of *Sensenderfer v. Smith*, 66 Mo. 81, and much of what is said there is applicable here.

The evidence failed to sustain the equitable defense relied upon. It did establish the facts, that immediately after defendant purchased the land of Cropper he took possession of, and improved it, and had been in possession ever since, claiming the land; but there is no evidence tending to show that plaintiff knew any of these facts. All the testimony on the subject of his knowledge related to a time subsequent to his purchase from the government. His frequent and careful examinations of the records of the land office at Boonville and Washington City, so far from affecting him with notice of defendant's claim, disclosed the fact that the land was vacant, and subject to entry.

A painful suspicion is aroused by the evidence in this, and several other cases which have recently been before this court, that there has been a criminal tampering with the records of the land office, either at the general land office, or the local offices, but it would not justify us, or any one, in suspecting any particular person—certainly not the plaintiff or defendant in this suit. The judgment, which was for defendant, is reversed and the cause remanded. All concur.